UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

LUCENDIA HALLIDAY,

    Plaintiff,                                  DEMAND FOR JURY TRIAL

-vs-                                             Case No.
                                                  Hon.

WELTMAN, WEINBERG & REIS, CO., LPA, and
CAPITAL ONE BANK (USA), NA,

    Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit resides in Detroit, Michigan in Wayne County.

4. Weltman, Weinberg & Reis, Co., LPA, ("WWRCOLPA") is a corporation doing business in Michigan.

5.  CAPITAL ONE BANK (USA), NA ("CAPONE") is an entity doing business in Michigan.

## Venue

6.  The transactions and occurrences which give rise to this action occurred in Wayne County.

7.  Venue is proper in the Eastern District of Michigan.

## General Allegations

8.  At all relevant times, WWRCOLPA acted as CAPONE's agent for the purposes of collecting an alleged, disputed debt.

9.  On April 29, 2011, WWRCOLPA and CAPONE addressed a letter to Ms. Halliday in connection with the collection of a debt; in that letter, the amount that WWRCOLPA and CAPONE stated was owed was on April 29, 2011 was $4,353.14.

10. Attached to the letter was a lawsuit dated May 2, 2011; in that lawsuit WWRCOLPA and CAPONE prayed for $4,288.14 plus court costs and other fees.

11. WWRCOLPA and CAPONE demanded exactly $65.00 more from Ms. Halliday on April 29 , 2011 than it demanded on May 2, 2011.

12. $65.00 dollars is the exact amount of the filing fee for the lawsuit of the type WWRCOLPA and CAPONE filed against Ms. Halliday.

13. No court costs could have been paid – nor charged to Ms. Halliday – on April 29, 2011 as the lawsuit that would have generated such fees was not even dated until May 2, 2011.

14. WWRCOLPA and CAPONE violated 15 U.S.C. §1692e.

## COUNT I – Fair Debt Collection Practices Act (WWRCOLPA)

15. Ms. Halliday incorporates the preceding allegations by reference.

16. At all relevant times WWRCOLPA – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. WWRCOLPA is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. WWRCOLPA's foregoing acts in attempting to collect this alleged debt against Ms. Halliday constitute violations of the FDCPA.

19. Ms. Halliday has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code (WWRCOLPA)

20. Ms. Halliday incorporates the preceding allegations by reference.

21. WWRCOLPA is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

22. Ms. Halliday is a debtor as that term is defined in M.C.L. § 339.901(f).

23. WWRCOLPA's foregoing acts in attempting to collect this alleged debt against Ms. Halliday constitute violations of the Occupational Code.

24. Ms. Halliday has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT III -- Violation of M.C.L. § 445.251 *et seq*. (CAPONE)

25. Ms. Halliday incorporates the preceding allegations by reference.

26. CAPONE is a "regulated person" as that term is set forth in M.C.L. § 445.251.

27. The acts and omissions of CAPONE described herein constitute willful or intentional violations of one or more acts prohibited under M.C.L. § 445.252 entitling Ms. Halliday to recover actual and statutory damages, as well as costs and attorneys fees.

## **Demand for Jury Trial**

28. Plaintiff demands trial by jury in this action.

## **Demand For Judgment for Relief**

*ACCORDINGLY, Ms. Halliday requests that the Court:*

a. *Assume jurisdiction over all claims;.*

b. *Award actual damages.*

c. *Award statutory damages.*

d. *Award punitive damages.*

e. *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

By:    s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for Plaintiff
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone: (248) 746-3790
       Email: adamgtaub@clgplc.net

Dated: September 29, 2011