UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCENDIA HALLIDAY and RICK INMAN,

        Plaintiffs,

                                          Case Number 11-14275
v.                                          Honorable David M. Lawson

WELTMAN, WEINBER & REIS CO., L.P.A,

        Defendant.

_____/

## ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT, DENYING AS MOOT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND AUTHORIZING NOTICE TO CLASS MEMBERS

On November 16, 2012, the plaintiffs filed a motion for preliminary approval of a class action settlement agreement. The defendant responded on November 26, 2012. The Court reviewed the motion papers and heard oral argument in open court on December 19, 2012. At oral argument the Court noted some problems with the proposed settlement agreement and notice and requested that the parties submit an amended settlement agreement. On February 7, 2013, the parties filed joint a motion to approve the amended settlement agreement and proposed the manner of giving notice to absent class members and the form of notice.

The case involves claims under the Fair Debt Collection Practices Act. The complaint alleges that the defendant has sent letters demanding payment of a debt prior to the filing of a lawsuit that included court costs in the amount demanded. On July 27, 2012, the Court conditionally certified a settlement class under Federal Rule of Civil Procedure 23(b)(3).

The proposed settlement agreement applies to the following class, previously certified by the Court:

> All consumers with Michigan addresses, who were sent a letter demanding payment of a debt allegedly prior to the filing of a lawsuit, which includes court costs in the amount demanded, and where the letter was sent on or after a date one year prior to the filing of this action.

Order Conditionally Certifying Class [dkt. #33], at 2.

The proposal calls for cash payments to individual class members from a common fund of $60,000 established by the defendant. The parties contemplate that the named plaintiffs Lucendia Halliday and Rick Inman will each receive an award of $2,000 for services to the class. The parties propose that the remained of the class settlement funds would be distributed to class members in two groups. First, all class members who paid the defendant the total amount the defendant stated was owed prior to the entry of judgment against them on the debt ("paying class members") will receive $40. These class members will receive the $40 payment without submission of the claim form if their identity is known to the parties. However, class members also may submit a claim form indicating that they are paying class members and, even if their identity was not previously known to the parties, receive the $40 payment. The parties anticipate that there are approximately 100 settlement class members who are paying class members. Second, all class members, including paying class members, will receive a *pro rata* share of the remainder of the settlement fund if they submit a claim form. The total size of the settlement fund distributed to class members will be reduced by the two named plaintiffs' incentive awards and an attorney's fee of $20,000. The proposed settlement agreement provides that the costs of notice and administration will be borne by the defendant and that First Class, Inc. will serve as claims administrator.

The Federal Rules of Civil Procedure require court approval of settlements in class actions. Fed. R. Civ. P. 23(e). Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Rule

23(e)(2) states that a settlement that would bind class members may be approved "only after a hearing and on finding that it is fair, reasonable, and adequate." "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1), and "[a]ny class member may object to the proposal if it requires court approval under" Rule 23(e), Fed. R. Civ. P. 23(e)(5). The approval of a proposed settlement ordinarily involves a two-stage procedure. "First, counsel submit the proposed terms of [the] settlement and the judge makes a preliminary fairness evaluation. . . . Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members." Manual for Complex Litigation (4th ed.) §§ 21.632-.633 (2004); *see also Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001).

In deciding whether to approve a class action settlement, the "ultimate issue" for the Court is whether the proposed settlement "is fair, adequate and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). District courts must "appraise the reasonableness of particular class-action settlements on a case-by-case basis, in the light of all the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742 (1986). "Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The present action has been pending for approximately seventeen months. The proposed settlement has resulted from extensive negotiations that were ongoing for more than three months. The Court believes that the risk of fraud or collusion among the parties is minimal. The parties have exchanged written discovery. Proceeding further in litigation would likely require further discovery, dispositive motion practice, and a trial on the issues, which likely would be complicated and expensive for both sides. Both parties have claims and defenses that they could pursue through dispositive motion practice or at trial that could result in a complete victory for one party. Although there has not yet been a reaction from the absent class members, class counsel and the class representatives assert that the settlement is in the best interest of the class as a whole. Finally, the public interest favors the resolution of the class claims in an orderly, efficient manner.

The Court has reviewed the motion and the proposed settlement agreement. The proposed settlement appears to be a result of arm's-length negotiation that is likely to be in the best interest of class members. Based on the submissions to date, the settlement appears to be fair, reasonable, and adequate. However, the Court reserves the final approval of the settlement and the determination regarding the attorney's fees and costs incurred by the plaintiffs to a later time, as contemplated by Rule 23(h) and Rule 54(d)(2) of the Federal Rules of Civil Procedure.

The Court also finds reasonable the plan for notifying absent class members proposed by the parties. The plaintiffs propose to retain First Class, Inc. of Chicago, Illinois as the settlement administrator. Under the plan, notice will be mailed to settlement class members together with a claim form. Rule 23 provides that "the court may direct appropriate notice to the class," Fed. R. Civ. P. 23(c)(2)(A), and "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1). The Court has reviewed the contents of

the proposed notice to absent class members, which plaintiff's counsel has provided to the Court. The Court finds that the notice is reasonably clear and otherwise conforms to the requirements of Rule 23(c)(2)(A) and 23(e). The proposed notice must be amended, however, to include the deadline dates prescribed by this Order and to state that class members may submit a claim form indicating that they are paying class members. The proposed claim form must include a space in which class members may indicate that they are paying class members.

Accordingly, it is **ORDERED** that the joint motion for preliminary approval of amended class action settlement agreement [dkt #48] is **GRANTED** and the proposed settlement agreement is **PRELIMINARILY APPROVED**, subject to objections by absent class members and except for the determination of the attorney's fees and costs.

It is further **ORDERED** that the plaintiffs' motion for preliminary approval of class action settlement [dkt. #45] is **DENIED AS MOOT**.

It is further **ORDERED** that plaintiffs' counsel shall file a proposed form of notice amended so as to comply with the terms of this order on the docket **on or before February 25, 2013**.

It is further **ORDERED** that plaintiffs' counsel or their designated representative shall cause notice of the proposed settlement to be given to class members in the following manner:

>   (a)  **On or before March 15, 2013**, a copy of the Notice of Class Action Settlement Agreement (the "Notice") together with a copy of the Claim Form and instructions relating thereto, substantially in the form attached as Exhibit 1 to Appendix A to the plaintiffs' motion for preliminary approval of the proposed settlement, must be mailed by first-class mail, with postage prepaid, to each class member.
>
>   (b)  The Notice must explain that objections to, and requests to be excluded from, the settlement agreement must be filed with the Court and the parties' counsel **on or before June 5, 2013**.

It is further **ORDERED** that First Class, Inc. of Chicago, Illinois is **APPROVED** as the claims administrator for the settlement.

It is further **ORDERED** that the plaintiffs' counsel shall file proof of mailing of the Notice and publication of the Summary Notice in conformity with this Order **on or April 5, 2013**.

It is further **ORDERED** that the notice of settlement must inform the absent class members that Proofs of Claim and supporting documentation must be submitted **on or before August 2, 2013**, or such other time as may be allowed by the Court.  Proofs of Claim sent by mail shall be deemed submitted when postmarked if mailed by first class, registered or certified mail, postage prepaid, addressed in accordance with the instructions in the Proof of Claim.  All other Proofs of Claim shall be deemed submitted at the time of actual receipt.

It is further **ORDERED** that a hearing shall be held at **4:00 p.m.** on **June 19, 2013** in Room 860 of the Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Detroit, Michigan 48226, to consider any objections to the settlement agreement and to determine whether the settlement agreement should be finally approved as having been negotiated in good faith and as being fair, reasonable, and in the best interest of class members.  **On or before June 5, 2013**, the plaintiffs' counsel must file a motion for final approval of the settlement identifying absent class members who opt out or object.

It is further **ORDERED** that any class member may appear at the settlement hearing and be heard to the extent allowed by this Court, either in support of or in opposition to the good faith, fairness, reasonableness, and adequacy of the proposed settlement or the plaintiffs' counsel's application for an award of attorney's fees, reimbursement of expenses, and an incentive award to each of the representative plaintiffs.  However, no class member shall be entitled to be heard or

entitled to contest the approval of the terms and conditions of the proposed settlement or the judgment to be entered pursuant thereto approving the same, or the plaintiffs' counsel's fee, expense and incentive award application, unless, **on or before June 3, 2013**, such person: (a) has filed with the Clerk of Court a notice of such person's intention to appear, together with a statement that indicates the basis for such opposition along with any supporting documentation, and (b) has served copies of such notice, statement, and documentation, together with copies of any other pleadings that such person has filed with the Clerk of the Court and each parties' counsel at the following addresses:

>Clerk of the Court
>United States District Court
>231 Lafayette Boulevard
>Detroit, MI 48226
>Re: Halliday v. Weltman, Weinberg & Reis Co., L.P.A.
>Case No.  2:11-cv-14275

*Counsel for Plaintiffs*

>Cathleen M Combs, Esq.
>Daniel A. Edelman, Esq.
>Thomas E. Soule, Esq.
>EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
>120 S. LaSalle Street
>Suite 1800
>Chicago, IL 60603

>Adam G. Taub, Esq.
>ADAM TAUB & ASSOCIATES CONSUMER LAW GROUP PLC
>17200 W. Ten Mile Road Suite
>Suite 200
>Southfield, MI 48075

*Counsel for Defendant*

>Jeffrey S. Hengeveld, Esq.
>PLUNKETT & COONEY
>38505 Woodward Avenue

        Suite 2000
        Bloomfield Hills, MI 48304-5097

Any class member who does not serve and file an objection to the proposed Settlement of the Litigation or the fee, expense and incentive award application, in the manner provided for herein, shall be deemed to have waived the right to object, including the right to appeal, and shall be forever foreclosed from making any objection to the settlement, the fee, expense and incentive award application, or to any order or judgment filed or entered thereon, as applicable.

It is further **ORDERED** that class counsel shall be responsible for maintaining a file of all responses to the notice of settlement and any and all other written communications received from the class members. Class counsel shall immediately provide such responses and communications to the defendant's counsel.

It is further **ORDERED** that this Court reserves the right to adjourn the settlement hearing from time to time without further notice and to approve the settlement agreement at or after the settlement hearing.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: February 22, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2013.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL